UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 30 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

LAURA C. JONES
29872 1 LINCOLN ROAD
MECHANICSVILLE, MD 20659
(301) 290-0310
                    Plaintiff

VS.

GEORGE W. BUSH,
PRESIDENT OF THE UNITED STATES,
ALAN R. SWENDIMAN, DIRECTOR
EXECUTIVE OFFICE OF THE PRESIDENT,
AGENCY,
1801 G. STREET, NW
WASHINGTON, DC 20503

                    Defendants

Case: 1:07-cv-02164
Assigned To : Roberts, Richard W.
Assign. Date : 11/30/2007
Description: Employ Discrim.

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

COMES NOW, Laura Jones, Plaintiff in the above captioned matter to file this complaint for damages and equitable relief based on race, and gender, discrimination and harassment and retaliation for reporting and filing EEO complaints in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.* (hereafter "Title VII"). Plaintiff seeks reinstatement, expunging her Agency official personal file of all derogatory and disciplinary matters, injunctive relief against further discrimination, harassment or retaliation, non-contesting and proper processing of her US Department of Labor, Office of Workers Compensation claims, back pay with interest, front pay, maximum compensatory damages, any and all fees and other costs of this action. Plaintiff also requests a trial by jury.

RECEIVED
NOV - 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## I. JURISDICTIONAL STATAMENT

This Court has jurisdiction pursuant to Title VII of the Civil Rights Act 42 U.S.C. Section 2000(e) et seq. "(Title VII") as amended by the Civil Rights Act of 1966, 1972, and 1991 and 28 U.S.C. 1331 and the Rehabilitation Act of 1973, as amended, 29 U.S.C. & 791, 794(c). This action is predicated on formal complaints of discrimination timely filed with the Equal Employment Opportunity Office EOP-OA in the District of Columbia. Plaintiff's formal EEO complaint was filed on July 30, 2004.

Additionally, over 80 days have passed since the formal complaints were filed and the Plaintiff has exhausted all administrative appeals in this matter. On August 6, 2007 the Complainant was issued a right to sue by the Equal Employment Opportunity Commission, Office of Federal Operations after denying Plaintiffs request for reconsideration of the Commissions January 30, 2007 decision. (The Right to Sue Letter is attached to this filing).

## II. VENUE

Venue lies in this Court because plaintiff was employed by the Executive Office of the President in the District of Columbia, the employment decisions affecting plaintiff were made in the District of Columbia, and all records concerning plaintiff's employment are maintained in the District of Columbia.

## III. PARTIES

Plaintiff Laura C. Jones (Caucasian) complains against Defendants, George Walker Bush, President of the United States of America, Alan R. Swendiman, Executive Office of the President (EOP), Office of Administration, "AGENCY", and the following Defendants – jointly, individually and severally as follows:

Kenneth Haskins, EOP-OA West Wing mail room supervisor, Marcia Fulham, Director, General Services EOP-OA, Anthony Scafidi Chief, Voice Systems Division, Office of the Chief Operating Officer

EOP-OA, Linda Sites, formerly EOP-OA Equal Employment Opportunity Director, Susan Shannon, Director of Human Resources EOP-OA for her cause of action, Victor Bernson, J.D., formerly General Counsel for EOP-OA, Dr. Sandra Evans, Agency's Chief Operating Officer, Linda Gambatesa, Deputy Assistant to the President and director of the Office of Oval Operations, Ms. Harriet Miers, formerly Deputy Assistant to the President and Deputy Chief of Staff.

## IV. STATEMENT OF FACTS

The Complainant encountered overt discrimination reprisals after reporting to the OA-EOP EEO Director that an unsecured box on March 24, 2004 entered the White House Mail room en route to President Bush, wife Laura Bush and their immediate staff. Complainant noted the box **had not** been processed according to stringent security (radiation) procedures due to Ricin precautions. Complainant and co-workers were actively taking Ciproflaxin as a precautionary procedure to Ricin attacks on Capital Hill just two months earlier.

Plaintiff objected vehemently and was told by her supervisor Rusty Francisco (Asian) that he authorized Barbara Swan (Black) to allow the box to bypass security procedures. Plaintiff indicates the breech of security was initiated to accommodate White House staffer Mr. Shane Chambers (White) and Special Assistant to Mr. Andrew Card (White) Chief of Staff. Mr. Chambers inquired how he should handle a gift box that he wanted to deliver to President Bush, Vice President Cheney and the entire Executive staff. Plaintiff was in extreme fear and concern for the security of the President of the United States and immediately approached Mr. Ken Haskins'(Black) Branch Chief and informed him of the matter. Later Plaintiff learned the package was sent forward without being properly handled according to security procedures.

Barbara Swan, a subordinate of the Plaintiff, nevertheless pointed a finger in her face and told her to leave the matter alone. Plaintiff believes Ms. Swan was able to get away with disrespecting her because

3

Plaintiff was the only White female working in the mailroom. On March 25, 2004 Plaintiff emailed Mr. Haskins reiterating her concerns and was subsequently told by Mr. Haskins *"When I see a red bull you see a red bull"*.

On March 22, 2004 Plaintiff received a cash award for outstanding work performance. But just 15 days later, from the time Plaintiff reported the March 24, 2004 incident to the Equal Employment Opportunity director on April 6, 2004 and through July 19, 2004 and beyond, the Plaintiff experienced a documented **career first** litany of extreme harassment and hostile working conditions which included; heavy workloads in work assignments, change of work location, change in parking location, loss of computer privileges, loss of high level security clearance, change of work hours, being prevented from returning to the Old Executive Office Building to gather personal belongings, placed under surveillance by United States Secret Service (USSS) Officers who displayed her photograph in "roll call" and around to other USSS officers - treating Plaintiff like a common criminal.

April 6, 2004, Plaintiff contacted Ms Linda Sites (White) EEO Director about her EEO concerns related to racial disrespect due to a security violation in the workplace and being the only White female clerk complaining. Complainant explained that she felt Mr. Ken Hembree (White) Branch Chief would understand her issues but Ms Sites advised Complainant that Mr. Hembree was preparing to retire and may not be able to help her in a predominantly non-White (mailroom) environment if she files a formal EEO complaint. Complainant felt intimidated and was uncertain about proceeding further with her EEO concerns at that time, following Ms Sites remarks.

On April 9, 2004 Complainant broke her toe (non-job related) and requested medical accommodations from Mr. Haskins to park closer to the office until her toe healed. Mr. Haskins denied her request for reasonable accommodations which created an extreme medical hardship upon Complainant.

On April 15, 2004, Plaintiff went back to EEO Director Ms. Sites and again discussed filing an EEO complaint with her concerns. Ms. Sites called a *hands-on* meeting with five employees to discuss

4

Plaintiff's concerns while encouraging the Plaintiff not to file a formal complaint. Present at the meeting were Ms. Sites, Mr. Haskins, Mr. Francisco, Ms. Benson (Indian) and Complainant. During the discussions Ms Sites actually stated to the participants that Plaintiff *"was dangerous"*.    Ms. Sites was referring to the Plaintiff prior Union "Shop Steward" activity and training while working for the Veterans Administration and prior to working for the OA-EOP.

Ms. Sites advised all participants that Plaintiff believed her work environment was becoming very hostile and she was experiencing an onslaught of harassment and retaliation after reporting the 3-24-04 security violation incident to EEO because she was the only White person complaining about disrespect. Ms. Sites assigned Ms. Shalini Benson (EEO Counselor) to counsel Plaintiff who later advised Plaintiff the right to file a formal complaint.

On May 20, 2004 Plaintiff informed Ms. Benson that she definitely wanted to file a formal EEO complaint of reprisal activity because Mr. Haskins and others were increasing their harassment of her as never before after she complained to the EEO Director.

On June 9, 2004 the Complainant requested a "Desk Audit" via email to Mr. Haskins due to heavy workload and seeking to prove she was being overworked and severely stressed for filing EEO activity and that none of her co-workers were being subject to the same treatment.

On June 9, 2004 the Plaintiff initiated and expressed her willingness to volunteer and work on June 11, (Ronald Regan day of morning) her normal shift. But when Mr. Haskins would not confirm which shift the Complainant would work, the Plaintiff specifically advised Mr. Haskins she could not work any other shift due to other commitments.

Mr. Haskins taunted the Plaintiff and refused to pre-assign her to a specific shift. Plaintiff then told Mr. Haskins to disregard her volunteer request and that she would not able to work on June 11 because he could not confirm her a time to report.

Plaintiff believes that Mr. Haskins *"set-her-up"* so to speak and created an opportunity to officially write-her-up for the first time in reprisal for her filing an official EEO complaint. Consequently,

after being reassigned from the "West Wing" mailroom to the 1800 G. Street mailroom and a change in work hours, Plaintiff received a three day suspension for insolent behavior towards her supervisor on July 15, 2004. And a Letter of Reprimand (LOR) was placed into the Plaintiff's personnel file on June 16, 2004.

Plaintiff was given difficult assignments during the period of an established injury and was denied reasonable accommodations in accordance with the Americans with Disabilities Act. Plaintiff's photograph was placed on a *"be on the lookout bulletin"* by the United States Secret Service (USSS) while Plaintiff was still assigned to work and Plaintiff was detained and humiliated by the USSS until her supervisor came to her assistance. Plaintiff was threatened and told by supervisory personnel that she was dangerous due to her prior Union activity.

Plaintiff has been subjected to workforce harassment, harassed because of her sex, intimidated at meetings, suffered threats to her career, and experienced intentional discrimination adversely affecting her career. The effects of continued harassment and the threats to her federal career made Plaintiff physically ill so as to require the care of psychologist and medical professionals. Plaintiff was ultimately removed from Federal Service following progressive discipline on July 8, 2005 in connection to a hostile environment and retaliation. Later during depositions Plaintiff was "yelled" at by the White House General Council causing Plaintiff to seek professional counseling. Following a hearing before the District of Columbia Unemployment Benefits Board, Plaintiff prevailed on her request for Unemployment benefits. The Agency dismissed its appeal of this matter.

As a result of the aforementioned tortuous conduct, Plaintiff has suffered a loss of her job, promotion(s), wages, and benefits, suffering severe stress, anxiety, emotional pain and anguish, humiliation, and embarrassment and under medical care and other non-pecuniary losses, all of which has had a negative overall impact on her mental health, her economic and employability in the federal and state governments and the private sector.

Consequently, the Plaintiff files this action under the Civil Rights Acts of 1964 as amended in 1992, 42 U.S.C. Section 2000e-16 *et seq.* and 1991, and as amended for compensatory damages and equitable relief against Defendant, the United States Executive Office of the President of the United States, The Rehabilitation Act of 1973 as amended (29 U.S.C. 791), growing out of Defendant's discriminatory threat to her federal career because of her protected Equal Employment Opportunity (EEO) activity by receiving a letter of reprimand on June 16, 2004.

## V. STATEMENT OF CLAIMS

This initial complaint is filed to put the Defendants on notice of all the pending claims. Due to the complex nature of the ensuing case, plaintiff will amend this complaint within twenty (30) days to add specific factual allegations and more detailed pleadings.

## COUNT ONE

### Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964 as amended and the Civil Rights Act of 1991

Plaintiff repeats and reiterates each and every allegation in this Complaint as is specifically alleged herein.

Through the above-described acts and conduct, Defendant(s) has discriminated against Plaintiff on the basis of her race by denying her promotional opportunities, placing her on forced leave, threatened her federal career because of her protected EEO activity, harassed her because of her sex, placed her on a Performance Improvement Plan and fired her in retaliation and in violation of Title VII of the Civil Rights Act of 1964, as amended and the Civil Rights Act of 1991.

## COUNT TWO

### Retaliation for Protected EEO Activity

Through the above-described acts and conduct, Defendant(s) has discriminated against Plaintiff on the basis of her race by denying her reasonable accommodations, placing her in a hostile environment, threatened her federal career because of her protected EEO activity, harassed her because of her race (Caucasian), gender (female), falsely disciplined her on two occasions and removed her from Federal Service in violation of Title VII of the Civil Rights Act of 1964, as amended and the Civil Rights Act of 1991.

Defendant engaged in the above-described discretionary acts and conduct against Plaintiff with malice and/or reckless indifference toward Plaintiff's rights under Title VII of the Civil rights Act of 1964, as amended and the Civil Rights Act of 1991; and reprisals for protected EEO activity.

## COUNT THREE

### Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964 as amended and the Civil Rights Act of 1991.

Through the above-described acts and conduct, Defendant(s) has discriminated against Plaintiff on the basis of her race (Caucasian) gender (female) and reprisals by denying her reasonable accommodations, placing her in a hostile environment, threatened her federal career because of her protected EEO activity, severe harassment and by falsely disciplining her on more than one occasion and ultimately removed her from Federal Service in violation of Title VII of the Civil Rights Act of 1964, as amended and the Civil Rights Act of 1991.

Defendant engaged in the above-described discretionary acts and conduct against Plaintiff with malice and/or reckless indifference toward Plaintiff's rights under Title VII of the Civil rights Act of 1964, as amended and the Civil Rights Act of 1991; and reprisals for protected EEO activity.

## VI. JURY DEMAND

The Plaintiff requests a trial by Jury for the damages listed below.

8

## VII. Prayer for Relief

Plaintiff suffers and continues to suffer from headaches, severe depression, extreme insomnia and other psychological symptoms that created tension and unhappiness as well as a loss of enjoyment in her personal and family life and it has created an extreme financial hardship. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, and is now suffering, and will continue to suffer irreparable injury from the Defendant's intentional tortuous treatment.

WHEREFORE, Plaintiff prays that this Court:

a. Declare Defendant's conduct to be in violation of Plaintiff's civil rights;

b. Enjoin Defendant from engaging in such conduct as harassment because of her Protected EEO activity, her sex, race, national origin and color.

c. Award Plaintiff lost wages, promotion(s) benefits and reinstatement.

d. Award Plaintiff the maximum compensatory damages allowable by law;

e. Award Plaintiff her costs and attorneys' fees; and

f. Award Plaintiff such other and future relief as may be deemed just and proper.

Respectfully submitted,

LAURA C. JONES
Plaintiff, Pro Se

29872 1 LINCOLN ROAD
MECHANICSVILLE, MD 20659
(301) 290-0310



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Laura C. Jones,
Complainant,

v.

Alan R. Swendiman,
Director,
Office of Administration,
Executive Office of the President,
Agency.

Request No. 0520070338

Appeal No. 0120064394

Hearing No. 100-2005-00382X

Agency No. OA-04-01

### DENIAL

Complainant timely requested reconsideration of the decision in *Laura C. Jones v. Office of Administration, Executive Office of the President*, EEOC Appeal No. 0120064394 (January 30, 2007). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120064394 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive

2                                       0520070338

this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

*[signature]*

Carlton M. Hadden, Director
Office of Federal Operations

AUG 6  2007
Date

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

07-2164
RWR

## I (a) PLAINTIFFS

Laura C. Jones

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE N/P

## DEFENDANTS

George W. Bush, et al.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:07-cv-02164
Assigned To : Roberts, Richard W.
Assign. Date : 11/30/2007
Description: Employ Discrim.

JURY

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

4

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 2000 e

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE 11/30/07   SIGNATURE OF ATTORNEY OF RECORD NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd